

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 24, 2007

The Honorable David Swinford
Chair, Committee on State Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0501

Re: Criminal provisions applicable when a physician fails to comply with section 164.052(a)(18) of the Occupations Code, which restricts third-trimester abortions, or section 164.052(a)(19) thereof, which requires parental consent for abortions performed on unemancipated minors (RQ-0501-GA)

Dear Representative Swinford:

You seek our opinion on the proper punishment for physicians who fail to comply with certain requirements of the Texas Occupations Code.[1] Specifically, you ask:

> Does a physician's failure to comply with the requirements of either § 164.052(a)(18) (restricting third-trimester abortions performed on viable unborn children) or § 164.052(a)(19) (requiring parental consent for abortions performed on unemancipated minors) of the Texas Occupations Code, as provided by § 1.42 of S.B. 419[2] . . . subject the physician to liability under the criminal homicide provisions of ch. 19 of the Penal Code?

Request Letter, *supra* note 1, at 1 (footnote added).

---

[1]*See* Letter and attachments from Honorable David Swinford, Chair, Committee on State Affairs, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (June 26, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter]; TEXAS DISTRICT & COUNTY ATTORNEYS ASS'N, 2005–2007 LEGISLATIVE UPDATE 4–5 (2005) (pages 4–5 attached to Request Letter) [hereinafter TDCAA Update].

[2]*See* Act of May 26, 2005, 79th Leg., R.S., ch. 269, § 1.42, 2005 Tex. Gen. Laws 720, 733–35 [hereinafter S.B. 419].

Your question is prompted by the Texas District and County Attorneys Association's (the "TDCAA") recent interpretation about the effect of S.B. 419. *See id.* at 1–4. You indicate that the TDCAA believes S.B. 419 creates a new method of committing capital murder by "expanding prohibited practices for doctors in the Occupations Code." *Id.* at 1 (quoting TDCAA Update, *supra* note 1, at 4). The TDCAA's argument is premised on section 19.03(a)(8) of the Penal Code, which provides that the crime of capital murder includes the killing of an individual under six years of age. *See* TDCAA Update, *supra* note 1, at 5 (citing TEX. PEN. CODE ANN. § 19.03(a)(8) (Vernon Supp. 2006)). According to the TDCAA, because the Texas Penal Code defines "individual" to include an unborn child, the killing of an unborn child is capital murder. *See* TDCAA Update, *supra* note 1, at 4 (citing TEX. PEN. CODE ANN. § 1.07(26) (Vernon Supp. 2006)). The TDCAA notes that the Penal Code does not except the conduct of performing an abortion from the crime of capital murder but does provide a defense for doctors who perform a "lawful medical procedure." *See id.* (citing TEX. PEN. CODE ANN. § 19.06 (Vernon Supp. 2006)). Under the TDCAA's interpretation, because the Texas Occupations Code as recently amended by S.B. 419 prohibits the medical practice of performing an abortion in the third trimester or performing an abortion on a minor without the requisite consent or court order, these procedures are not "lawful medical procedure[s]" within the scope of the defense in section 19.06, Penal Code. *See id.* at 5. Thus without the defense provided by section 19.06, the TDCAA believes that doctors who perform abortions under these circumstances are at risk of being charged with, convicted of, and punished for the crime of capital murder. *See id.*

Among other things, S.B. 419 amended section 164.052 of the Texas Occupations Code to expand a list of prohibited practices for physicians. *See* S.B. 419, *supra* note 2. A physician performs a prohibited practice when the physician:

> (18) performs an abortion on a woman who is pregnant with a viable unborn child during the third trimester of the pregnancy unless [a listed condition is present]; or

> (19) performs an abortion on an unemancipated minor without the written consent of the child's parent . . . or without a court order . . . .

TEX. OCC. CODE ANN. § 164.052(a)(18)–(19) (Vernon Supp. 2006). Performing a prohibited practice is a violation of Occupations Code, title 3, subtitle B (governing physicians) for which administrative and civil penalties may be imposed. *See id.* §§ 165.001 (Vernon 2004) (administrative penalty for person violating subtitle B); 165.101 (civil penalty for person violating subtitle B). Violations of subtitle B also constitute criminal offenses punishable by criminal penalties. *See id.* § 165.151(a) ("A person commits an offense if the person violates this subtitle . . . ."). Generally, the criminal punishment for an offense under subtitle B is a Class A misdemeanor. *See id.* § 165.151(b). The criminal punishment for practicing "medicine in this state in violation of this subtitle" is a third degree felony. *Id.* § 165.152(a), (c). The clear language of the Occupations Code prescribes the criminal punishment for a doctor who violates section 164.052(a)(18) or 164.052(a)(19).

And here the Texas Penal Code defers to the criminal punishment established by the Occupations Code. *See* TEX. PEN. CODE ANN. § 1.03(a)–(b) (Vernon 2003). Under section 1.03(b) if an offense defined outside the Penal Code affixes a punishment that is classified using the classification system of the Penal Code, then the punishment for that offense is determined by the Penal Code classification provided. *See id.* By defining the applicable criminal punishment for a violation of subtitle B as either a Class A misdemeanor or a third degree felony, the Occupations Code uses the misdemeanor and felony classification system of the Penal Code. *See* TEX. OCC. CODE ANN. §§ 165.151(b), .152(a), (c) (Vernon 2004). Thus, under section 1.03(b), the criminal punishment for a violation of subtitle B is determined according to the Occupations Code. Accordingly, we conclude that a physician who violates section 164.052(a)(18) or 164.052(a)(19) is subject to the criminal penalties of the Occupations Code.

## S U M M A R Y

A physician who violates section 164.052(a)(18) or 164.052(a)(19) of the Texas Occupations Code is subject to the criminal penalties of the Occupations Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee